FILED
James J. Waldron, Clerk

APR 1 4 2014

U.S. Bankruptcy Court, Newark NJ
BY: _____ Deputy

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>FORMAN HOLT ELIADES & YOUNGMAN LLC<br>80 Route 4 East, Suite 290<br>Paramus, New Jersey<br>(201) 845-1000<br>Proposed Attorneys for Debtor<br>Kim R. Lynch (KL-5866) |
|---|
| In Re:<br><br>HUDSON CONTRACTORS, LLC d/b/a<br>RESCO, HALLMARK JV AND HALLMARK JA<br><br>Debtor. |

Chapter 11

Case No. 14-16886

**BRIDGE ORDER (I) PROHIBITING UTILITY COMPANIES FROM
DISCONTINUING, ALTERING OR REFUSING SERVICE, (II)
DEEMING UTILITY COMPANIES TO HAVE ADEQUATE ASSURANCE
OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING
REQUESTS FOR ADDITIONAL ASSURANCE PURSUANT TO 11 U.S.C. § 366**

The relief set forth on the following pages, numbered two (2) to four (4) is hereby

ORDERED.

4-14-14    USBJ

00336714 - 1

**Page** (2)
Debtor: Hudson Contractors, LLC d/b/a Resco, Hallmark JV and Hallmark JA
Case No.: 14-16886
Caption of Order: Order Granting Debtor's Motion (i) Prohibiting Utility Companies from Discontinuing, Altering or Refusing Service, (ii) Deeming Utility Companies to Have Adequate Assurance of Payment, and (iii) Establishing Procedures for Resolving Requests for Additional Assurance Pursuant to 11 U.S.C. §§ 366

Upon consideration of the motion (the "Motion") of Hudson Contractors, LLC, the debtor and debtor-in-possession (the "Debtor"), through its proposed attorneys, Forman Holt Eliades & Youngman LLC, for entry of (a) a Bridge Order and (b) a Final Order pursuant to section 366(b) of title 11, United States Code (the "Bankruptcy Code"): (i) prohibiting the Utility Companies[1] from altering, refusing, or discontinuing Utility Services on account of pre-petition invoices, including the making of demands for security deposits or accelerated payment terms, and (ii) deeming the Debtor's utility service providers adequately assured of future performance (the "Motion"); and (iii) establishing procedures for resolving requests for additional assurance; and the Court having considered the Motion, and all pleadings related thereto; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue of this proceeding and this Motion is pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor and its estate, and creditors; and after due deliberation thereon, and good and sufficient cause appearing therefor; it is hereby

**ORDERED**, that

1. The Motion is granted.

---

[1] Capitalized terms not defined herein shall have the meanings assigned thereto in the Motion.

Page (3)
Debtor:            Hudson Contractors, LLC d/b/a Resco, Hallmark JV and Hallmark JA
Case No.:          14-16886
Caption of Order:  Order Granting Debtor's Motion (i) Prohibiting Utility Companies from Discontinuing, Altering or Refusing Service, (ii) Deeming Utility Companies to Have Adequate Assurance of Payment, and (iii) Establishing Procedures for Resolving Requests for Additional Assurance Pursuant to 11 U.S.C. §§ 366

2. Until such time as the Final Order is entered by the Court, all Utility Companies are prohibited from altering, refusing, or discontinuing services to the Debtor, discriminating against the Debtor, or requiring the payment of a deposit or other security in connection with a pre-petition invoice for Utility Services provided to the Debtor.

3. The Utility Motion and this Bridge Order shall be served, via first-class mail or via electronic mail, on each Utility company the Debtor believes could be affected by the Utility motion and all other parties required to receive service under Federal Rule of Bankruptcy Procedure 2002 within five (5) business days of entry of this Bridge Order.

4. The deadline by which objection to the Utility Motion and the Final Order must be filed is _April 30_, 2014, at _5:00_ p.m. A final hearing ("Final Hearing"), if required, on the Utility Motion will be held on _May 6_, 2014, at _10:00_ a.m. If no objections are filed to the Utility Motion, the Court may enter the Final Order without further notice or hearing.

5. Before the final Hearing, the procedures for determining requests for additional assurance of payment as described in the Motion are approved as follows:

> (a) Any Utility Company may request additional assurance of payment (an "Additional Payment Request") on or before the date set forth in the Bridge Order for a Final Hearing (the "Additional Payment Request Deadline") by submitting the request to counsel to the Debtor, Forman Holt Eliades & Youngman LLC., 80 Rt. 4 East, Suite 290, Paramus NJ, 07652 (Attn: Kim R. Lynch Esq.)

> (b) Any Additional Payment Request must (i) be in writing, (ii) set forth the location for which utility services are provided, (iii) include a summary of

**Page** (4)
Debtor: Hudson Contractors, LLC d/b/a Resco, Hallmark JV and Hallmark JA
Case No.: 14-16886
Caption of Order: Order Granting Debtor's Motion (i) Prohibiting Utility Companies from Discontinuing, Altering or Refusing Service, (ii) Deeming Utility Companies to Have Adequate Assurance of Payment, and (iii) Establishing Procedures for Resolving Requests for Additional Assurance Pursuant to 11 U.S.C. §§ 366

the Debtor's payment history relevant to the affected account(s), including any security deposits or other pre-payments or assurances previously provided by the Debtor, (iv) describe in sufficient detail the reason(s) why the treatment afforded pursuant to the procedures set forth herein does not constitute satisfactory adequate assurance of payment, (v) include a proposal for what would constitute adequate assurance from the Debtor, along with an explanation of why such proposal is reasonable.

(c) If a Utility Company makes a timely Additional Payment Request that the Debtor believes is reasonable, the Debtor shall be authorized in its sole discretion to comply with such request without further order of the Court.

(d) If the Debtor believes that a Utility Company's Additional Payment is not reasonable, the Court shall conduct a Final Hearing on the date set forth in the bridge Order (a "Determination Hearing") to determine adequate assurance to such Utility Company as necessary, or if additional assurance as to payment to such utility Company is necessary.

(e) Pending resolution of a Utility Company's Additional Payment Request at a Determination Hearing, such party shall be prohibited from altering, refusing or discontinuing service to the Debtor.

(f) If a Utility Company fails to send an Additional Payment Request by the Additional Payment Request Deadline, such Utility Company shall have waived its right to make an Additional Payment Request and shall be deemed to have received adequate assurance of payment in accordance with section 366(c)(1)(A)(vi) by virtue of the Utility Deposit (Utility Companies that do not send Additional Requests to the parties set forth above by the Additional Payment Request Deadline shall be collectively referred to herein as "Consenting Utility Companies").

(g) A Utility Company shall be deemed to have adequate assurance of payment unless and until a further order of this Court is entered requiring further adequate assurance of payment.